René Lastreto II (State Bar No. 100993)
rl2@lrplaw.net
Michael J. Gomez (State Bar No. 251571)
mjg@lrplaw.net
Lang, Richert & Patch
Post Office Box 40012
Fresno, California 93755-0012
(559) 228-6700 Phone
(559) 229-6727 Fax

Counsel for Plaintiff
Mohamed Poonja, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>**TWN INVESTMENT GROUP, LLC,**<br><br><br><br>Debtor.<br>─────────────────────<br>**MOHAMED POONJA,** Chapter 7 Trustee,<br><br>Plaintiff<br>v.<br><br>**LAP TANG,** *et al.*,<br><br>Defendants. | **Case No.** 13-50821 SLJ<br><br>**Chapter 7**<br><br>**Adv. Pro. No.** 15-05012 SLJ<br><br>**OPPOSITION TO DEFENDANTS IMPERIAL INVESTMENT & DEVELOPMVENT, INC., JOSEPH NGUYEN, AND TUYET LE'S MOTION TO DISMISS ADVERSARY PROCEEDING**<br><br>Hearing:<br>Date:     May 4, 2015<br>Time:     1:30 p.m.<br>Location: Courtroom 3099<br>          280 South First Street<br>          San Jose, CA 95113 |

Opposition to Motion to Dismiss

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................ 1

II.  ARGUMENT ................................................................................................. 2

   A.   STANDARDS FOR MOTIONS TO DISMISS ............................................ 2

   B.   NONE OF THE CLAIMS ARE TIME BARRED ......................................... 3

     1.   The Taxing Authorities. ......................................................................... 3

     2.   The Judgment Creditors. ........................................................................ 4

     3.   The Statutory Language For Actual Intent to Delay, Hinder, or Defraud. ................... 7

     4.   The Common Counts, Accounting, and Breach of Fiduciary Duty Claims. ................. 8

   B.   THE ACCOUNTING CLAIM FOR RELIEF IS NOT BARRED FOR STATING A SPECIFIC SUM ............................................................................ 10

   C.   THE REQUEST FOR ATTORNEYS' FEES IS PROPER .......................... 10

   D.   THE ALLEGATIONS ARE SUFFICIENT ............................................... 12

     1.   The Constructive Fraud Claims. ........................................................... 12

     2.   Actual Fraud Claims. ........................................................................... 13

III. CONCLUSION ............................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Bell,*
   5 Cal.2d 697 (Cal. 1936)..................................................................................5, 7

*Atkinson v. W. Dev. Syndicate,*
   170 Cal. 503, 506-508 (Cal. 1915) ..............................................................6

*Balisteri v. Pacific Police Dept.,*
   901 F.2d 696, 699 (9th Cir. 1990) ..............................................................2

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 556 (2007)..............................................................................2

*Benson v. Harriman,*
   55 Cal.App. 483, 484-86 (Cal. Ct. App. 1921) ...........................................6

*Berg & Berg Enters., LLC v. Boyle,*
   178 Cal.App.4th 1020, 1040-1041 (Cal. Ct. App. 2009)..............................9

*Bohn v. Weeks,*
   500 Ill.App. 236, 239-240 (Ill Ct. App. 1893) ..........................................12

*Broder v. Conklin,*
   121 Cal. 282, 287-88 (Cal. 1898) ..............................................................10

*Cahill v. Liberty Mut. Ins. Co.,*
   80 F.3d 336, 337-38 (9th Cir. 1996) ............................................................2

*Cardinale v. Miller,*
   222 Cal.App.4th 1020, 1025-26 (Cal. Ct. App. 2014);...............................11

*Commons v. Schine,*
   35 Cal.App.3d 141 (Cal. Ct. App. 1973) .....................................................9

*Conley v. Gibson,*
   335 U.S. 41, 45-46 (1957) ............................................................................2

*Cook v. Layman,*
   263 F.Supp.2d 1234, 1238-1239 (E.D. Cal. 2003) ......................................4

*Cortez v. Vogt,*

   52 Cal.App.4th 917, 929-30 (Cal. Ct. App. 1997)....................................................4, 5

*Creditors Collection Serv. v. Castaldi,*

   38 Cal.App.4th 1039, 1042-44 (Cal. Ct. App. 1995)...................................................8

*Davis v. Scherer,*

   468 U.S. 183 (1984)...................................................................................................2

*Day v. Greene,*

   59 Cal.2d 404, 411 (Cal. 1963)..................................................................................8

*Donnell v. Keppers,*

   835 F.Supp.2d 871, 879 (S.D. Cal. 2011)...............................................................7, 9

*Estate of Kalt,*

   16 Cal.2d 807, 811 (Cal. 1940)..................................................................................5

*Estate of Myers,*

   139 Cal.App.4th 434, 440 (Cal. Ct. App. 2006) ........................................................7

*FDIC v. Dintino,*

   167 Cal.App.4th 333, 347-48 (Cal. Ct. App. 2008) ..................................................8

*Filip v. Bucurenciu,*

   129 Cal.App.4th 825, 894 (Cal. Ct. App. 2005) ......................................................11

*Fidelity Nat'l Title Ins. Co. v. Schroeder,*

   179 Cal.App.4th 834, 849-850 (Cal. Ct. 2009).......................................................10

*First Nationwide Sav. v. Perry,*

   11 Cal.App.4th 1657, 1670 (Cal. Ct. App. 1992) ..................................................3, 9

*Foman v. Davis,*

   371 U.S. 178, 182 (1962)..........................................................................................13

*Frankel v. Boyd,*

   106 Cal. 608, 610-11 (Cal. 1895) ..............................................................................5

*Fullerton v. County of Orange,*

   140 Cal.App.464, 470 (Cal. Ct. App. 1934) .............................................................4

*Gilligan v. Jamco Dev. Corp.*,

   198 F.3d 246, 249 (9th Cir. 1997) ............................................................................. 2

*In re Agricultural Research and Technology Group, Inc.*,

   916 F.2d 528, 541 (9th Cir. 1987) ........................................................................... 11

*In re EPD Inv. Co., LLC*,

   523 B.R. 680, 686-88 (B.A.P. 9th Cir. 2015) ............................................................ 7

*In re Gurley*,

   222 B.R. 124, 132 (Bankr. W.D. Tenn. 1998) ........................................................... 4

*In re JMC Telecom LLC*,

   416 B.R. 738, 742-43 (C.D. Cal. 2009) .................................................................... 7

*In re Moeller*,

   466 B.R. 525 (Bankr. S.D. Cal. 2012) ...................................................................... 9

*In re Park S. Sec., LLC*,

   326 B.R. 505, 514-515 (Bankr. S.D.N.Y. 2005) ...................................................... 10

*In re Porras*,

   312 B.R. 81, 97-98 (Bankr. W.D. Tex. 2004) ............................................................ 4

*In re Richmond Produce Co., Inc.*,

   195 B.R. 455, 465 (N.D. Cal. 1996) ....................................................................... 11

*In re ThinkFilm, LLC*,

   510 B.R. 266, 273 (C.D. Cal. 2014) .................................................................. 12, 13

*Jhaveri v. Teitelbaum*,

   176 Cal.App.4th 740, 755 (Cal. Ct. App. 2009) ................................................... 8, 10

*Kearns v. Ford Motor Co.*,

   567 F.3d 1120, 1125 (9th Cir. 2009). ..................................................................... 13

*La Porte Constr. Co. v. Bayshore Nat'l Bank*,

   805 F.2d 1254, 1256 (5th Cir. 1986) ...................................................................... 13

*Lodgepole Invs., LLC v. Barsky*,

   2015 U.S. Dist. LEXIS 36204 at *8-*9 (N.D. Cal. Mar. 23, 2015)........................... 12

*Macedo v. Bosio,*

   86 Cal.App.4th 1044, 1051 (Cal. Ct. App. 2001) ................................................ 4, 6

*Marin Healthcare Dist. v. Sutter Health,*

   103 Cal.App.4th 861, 873 (Cal. Ct. App. 2003) ...................................................... 4

*Marin Healthcare Dist. v. Sutter Health,*

   103 Cal.App.4th 861, 874-75 (Cal. Ct. App. 2003) ................................................. 8

*Moody v. Sec. Pac. Business Credit, Inc.,*

   971 F.2d 1056, 1070 (3d Cir. 1992) ..................................................................... 13

*Palacio Del Mar Homeowners Ass'n, Inc. v. McMahon,*

   2008 Cal.App.Unpub. LEXIS 9664 (Cal. Ct. App. Dec. 1, 2008) .......................... 11

*Prakashpalan v. Engstrom, Lipscomb & Lack,*

   223 Cal.App.4th 1105, 1131-32 (Cal. Ct. App. 2014) .............................................. 8

*Roach v. Lee,*

   369 F.Supp.2d 1194, 1199 (C.D. Cal. 2005) ............................................................

*Rupp v. Kahn,*

   246, Cal.App.2d 188, 197 (Cal. Ct. App. 1966) .................................................. 5, 7

*Saracco Tank & Welding Co. v. Platz,*

   65 Cal.App.2d 306, 313-318 (Cal. Ct. App. 1944) ................................................. 9

*Scheurer v. Rhodes,*

   416 U.S. 232, 236 (1974) ...................................................................................... 2

*Shain v. Sresovich,*

   104 Cal.402 (1894) .............................................................................................. 9

*Strasberg v. Odyssey Group, Inc.,*

   51 Cal.App.4th 906, 916-920 (Cal. Ct. App. 1996) ................................................ 9

*Tri-Growth Centre City, Ltd. v. Silldorf, Burdman, Duignan & Eisenberg,*

   216 Cal.App.3d 1139, 1154 (Cal. Ct. App. 1990) .................................................. 1

*United States v. Bacon,*

   82 F.3d 822, 825 (9th Cir. 1996) ........................................................................... 4

Case: 15-05012    Doc# 14    Filed: 04/20/15    Entered: 04/20/15 15:15:15    Page 6 of 21

*United States v. Neidorf,*

   522 F.2d 916, 920-21 and n. 3 (9th Cir. 1975) ..................................................... 5

*Wiand v. Lee,*

   753 F.3d 1194, 1200 (11th Cir. 2014). ............................................................. 13

*William L. Lyon & Assocs., Inc. v. Superior Court,*

   204 Cal.App.4th 1294, 1313 (Cal. Ct. App. 2012) .................................................. 3


**STATUTES**

11 U.S.C. § 550 ........................................................................................ 8

28 U.S.C. § 3306 ....................................................................................... 4

Cal. Rev. & Tax Code § 19371 .......................................................................... 4

Code of Civil Procedure § 338...................................................................passim

Code of Civil Procedure § 345 ......................................................................... 4

Code of Civil Procedure § 3439.................................................................passim

Opposition to Motion to Dismiss         - vi -

**TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY JUDGE:**

Mohamed Poonja, Chapter 7 Trustee for the estate of TWN Investment Group, LLC ("Plaintiff"), respectfully submits the following Opposition to the "*Motion of Defendants Imperial Investment & Development, Inc., Joseph Nguyen, and Tuyet Le to Dismiss Adversary Proceeding*" (the "Motion")[1] filed by Defendants Imperial Investment & Development, Inc., Joseph Nguyen, and Tuyet Le (collectively, the "Defendants"), and respectfully submits as follows:

## I.    INTRODUCTION

The Complaint seeks redress for the disappearance of $1,319,374 (or "Shortfall") held by TWN Investment Group, LLC (the "Debtor") while the Debtor was insolvent. The Defendants primarily rely on the statute of limitations for the various claims for relief to assert that they are barred. They are wrong. The triggering creditors identified by the Plaintiff have rights to challenge the vanishing Shortfall as fraudulent that reach beyond the prescribed statutory four year periods. Additionally, "discovery" rules supplement several of the applicable statutes of limitation which Plaintiff may employ.

The Defendants also seek to dismiss the remaining claims for relief for lack of specificity, as to the claim to recover based on actual intent to hinder, delay, or defraud, and because attorneys' fees and costs are not authorized in fraudulent transfer actions.[2]  Plaintiff may employ the rights of the triggering creditors to seek attorneys' fees. The sufficiency of the information in the Complaint is also adequate to place the Defendants on notice and, in any event, Plaintiff may amend its Complaint to add further allegations.

---

[1] All references to the Motion shall mean to the "*Points and Authorities in Support of Motion by Defendants Imperial Investment & Development, Inc., Joseph Nguyen, and Tuyet Le to Dismiss Adversary Proceeding*" [ECF No. 7].

[2] Plaintiff concedes that "constructive trust" is recognized as a remedy and not as a claim for relief and will reframe the constructive trust claim by eliminating it and seeking it as relief for the breach of fiduciary duty and unjust enrichment claims. *Tri-Growth Centre City, Ltd. v. Silldorf, Burdman, Duignan & Eisenberg*, 216 Cal.App.3d 1139, 1154 (Cal. Ct. App. 1990).

Case: 15-05012    Doc# 14    Filed: 04/20/15    Entered: 04/20/15 15:15:15    Page 8 of 21

## II.  ARGUMENT

### A.  STANDARDS FOR MOTIONS TO DISMISS

"When a federal court reviews the sufficiency of a complaint, before the reception of any other evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

Dismissal is proper only whether there is either "a lack of a cognizable theory" or "the absence of sufficient facts alleged under a cognizable theory." *Balisteri v. Pacific Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (as amended).  Motions to dismiss are "viewed with disfavor" and dismissal for failure to state a claim should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gilligan v. Jamco Dev. Corp.*, 198 F.3d 246, 249 (9th Cir. 1997) (internal citations omitted) (quoting *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957)).

In considering dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  In *Ashcroft v. Iqbal*, the United States Supreme Court explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

556 U.S. 662, 678 (2009) (internal citations omitted).

Asking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence in support of the plaintiff's claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

**B.      NONE OF THE CLAIMS ARE TIME BARRED**

The Defendants seek to dismiss the avoidance action claims on the grounds that they are time barred based on the four year statute of limitations in California Civil Code § 3439.09. The applicable limitations period depends, however, on the triggering creditor employed by the Plaintiff under section 544(b).

Plaintiff identified four different triggering creditors in the Complaint: two judgment creditors, the Franchise Tax Board, and the Internal Revenue Service.  (Compl. ¶¶ 21- 23.) Each one has an extended statute of limitations that is not controlled by the plain language of Civil Code § 3439.09.  Pursuant to the California statute, there is also an extended statute of limitations for transfers made with actual intent to hinder, delay, or defraud.

Similarly, for the common counts and the breach of fiduciary duty claim, the Defendants focus on the introductory phrase of section 338(d) of the California Code of Civil Procedure ("[w]ithin three years . . .") to the exclusion of the second sentence of the statute's subdivision which provides that the statute of limitations does not commence until the plaintiff learns of the basis for the claim.  (Motion, pp. 6:13, 7:27-28, citing *First Nationwide Sav. v. Perry*, 11 Cal.App.4th 1657, 1670 (Cal. Ct. App. 1992) and *William L. Lyon & Assocs., Inc. v. Superior Court*, 204 Cal.App.4th 1294, 1313 (Cal. Ct. App. 2012)).  Plaintiff could not have known of the basis for the common counts and the breach of fiduciary duty because the Debtor's finances were not known by creditors, whose rights Plaintiff seeks to assert.  Likewise, because the statute of limitations for the accounting claim for relief is based on the gravamen of the action, the statute of limitations for the accounting claim is also based on California Code of Civil Procedure § 338(d) so it too is timely.

**1.      The Taxing Authorities.**

With respect to the Internal Revenue Service, it is beyond debate that agencies of the United States are not bound by state law statutes of limitation.  *See United States v. Summerlin*, 310 U.S. 414, 416-17 (1940) ("It is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights.").  This has been held to apply to the four year limitations period of California Civil Code § 3439.09(b). *Bresson*

Case: 15-05012    Doc# 14    Filed: 04/20/15    Entered: 04/20/15 15:15:15    Page 10 of 21

1    *v. Comm'r*, 213 F.3d 1173 (9th Cir. 2000). The Service, for instance, has up to ten years from

2    date of an assessment to seek to unwind a transfer. 26 U.S.C. § 6502(a)(1); *United States v.*

3    *Bacon*, 82 F.3d 822, 825 (9th Cir. 1996); *Cook v. Layman*, 263 F.Supp.2d 1234, 1238-1239

4    (E.D. Cal. 2003). Estate representatives routinely use these provisions to attack fraudulent

5    transfers. *E.g., In re Porras*, 312 B.R. 81, 97-98 (Bankr. W.D. Tex. 2004).[3]

6       A similar extended statute of limitations exists for the Franchise Tax Board. Cal. Rev.

7    & Tax Code § 19371(a). Had the California Legislature intended for the deadlines in sections

8    3439.09(a) or (b) to apply to the Franchise Tax Board, those statutes would either plainly state

9    so or there would be an overarching statute making them expressly applicable to the state as

10    there is in Code of Civil Procedure § 345. *See* Cal. Code of Civil Procedure § 345; *see also*

11    *Fullerton v. County of Orange*, 140 Cal.App.464, 470 (Cal. Ct. App. 1934). "This is the rule in

12    California: The rights of the sovereign 'are not barred by lapse of time unless by legislation the

13    immunity is expressly waived.'" *Marin Healthcare Dist. v. Sutter Health*, 103 Cal.App.4th 861,

14    873 (Cal. Ct. App. 2003) (citation omitted). Consequently, either the Internal Revenue Service

15    or the Franchise Tax Board may act as the triggering creditor for purposes of Civil Code section

16    3439.04.

17       **2.**    **The Judgment Creditors.**

18       Notwithstanding any four year limitations in either subpart of section 3439.09 of the

19    Civil Code, judgment creditors also have an extended limitations period within which to bring a

20    fraudulent transfer action. The remedies afforded by the Uniform Fraudulent Transfer Act

21    ("UFTA") as adopted by California are cumulative to the law of fraudulent transfer as it existed

22    in California before the adoption of the UFTA's predecessor, the Uniform Fraudulent

23    Conveyances Act ("UFCA"). *Cortez v. Vogt*, 52 Cal.App.4th 917, 929-30 (Cal. Ct. App. 1997);

24    *Macedo v. Bosio*, 86 Cal.App.4th 1044, 1051 (Cal. Ct. App. 2001) (". . . the UFTA is not the

25
26
27

[3] In addition to 26 U.S.C. § 6502(a)(1), by using the Service as a triggering creditor, Plaintiff may also employ the extended statute of limitations of the Federal Debt Collection Procedures Act, which provides for a six year statute of limitations. 28 U.S.C. § 3306; *In re Gurley,* 222 B.R. 124, 132 (Bankr. W.D. Tenn. 1998).

28

Case: 15-05012    Doc# 14    Filed: 04/20/15    Entered: 04/20/15 15:15:15    Page 11 of 21

exclusive remedy by which fraudulent conveyances may be attacked. They may also be attacked by, as it were, common law action.").

Prior to California's adoption of the UFCA, creditors had to wait until they obtained a judgment on their claims before attacking fraudulent transfers. *See Adams v. Bell*, 5 Cal.2d 697 (Cal. 1936); *Rupp v. Kahn*, 246, Cal.App.2d 188, 197 (Cal. Ct. App. 1966) (". . . the California law originally permitted proceedings by way of creditors' bills to attack fraudulent conveyances only where the plaintiff had a specific lien on the property or had reduced his claim to judgment."); *see also Frankel v. Boyd*, 106 Cal. 608, 610-11 (Cal. 1895) (discussing the remedy of a creditor's bill). It was only after the adoption of the UFCA that creditors were given the choice of challenging a transfer by waiting for the final adjudication of their claim as they were previously allowed or, rather, act sooner and immediately prosecute an action before the claim was reduced to judgment. *Estate of Kalt*, 16 Cal.2d 807, 811 (Cal. 1940); *Cortez v. Vogt*, 52 Cal.App.4th at 930-31 and n.12.

Citing Code of Civil Procedure § 338(d) (then section 338(4)), the California Supreme Court ruled that creditors had three years from the later of the date of the entry of a final judgment or the discovery of the fraud to bring an action to unwind the transfer. *Adams v. Bell*, 5 Cal.2d 697 (Cal. 1936); *Cortez v. Vogt*, 52 Cal.App.4th 917, 929-33 (Cal. Ct. App. 1997) (explaining *Adams v. Bell*). Moreover, the discovery could occur well after the judgment became final. *Id.* Put another way, a transfer could be made before litigation or during litigation, and scores of years later, an action could be prosecuted to unwind the transfer so long as the action was filed within the greater of three years of the judgment becoming final or three years of the creditor discovering the transfer, which could be several years after the judgment became final.

Historically, cases tend to focus on transfers alleged to have been made with actual intent to hinder, delay or defraud (*United States v. Neidorf*, 522 F.2d 916, 920-21 and n. 3 (9th Cir. 1975) (dissent)), but this common law action equally applies <u>both</u> to transfers that are made with actual intent and those that are constructively fraudulent. *Adams v. Bell*, 5 Cal.2d 697 (Cal. 1936) ("The pleading may be sustained under the provisions of sections 3439 and 3442 of

Case: 15-05012   Doc# 14   Filed: 04/20/15   Entered: 04/20/15 15:15:15   Page 12 of 21

the Civil Code"). Former section 3442 of the Civil Code previously contained the authorization to attack constructively fraudulent transfers. *E.g., Atkinson v. W. Dev. Syndicate*, 170 Cal. 503, 506-508 (Cal. 1915) (". . . the constructive fraud defined in section 3442 was not established, since under that section fraud can be predicated only upon a transfer made or given without a valuable consideration."); *Benson v. Harriman*, 55 Cal.App. 483, 484-86 (Cal. Ct. App. 1921).

That the California Supreme Court permitted the plaintiff to proceed with her action in *Adams v. Bell* under the theory that the transfer was made in exchange for no consideration demonstrates that judgment creditors may use the constructive fraud statutes here. 5 Cal.2d at 700 ("The complaint alleged . . . defendant Bell had conveyed to her son . . . . which conveyance was made . . . without consideration . . ."). Indeed, prior to the adoption of the UFCA, neither theory, constructive or actual fraud, could be employed until a judgment was had. *See Benson v. Harriman*, 55 Cal.App. at 488 (creditor obtained judgment before bringing fraudulent transfer action in aid of enforcement of judgment); *Hassell v. Bunge*, 167 Cal. 365, 366 (Cal. 1914).

Accordingly, using the judgment creditors who filed claims here, Plaintiff had ample time when the Debtor filed its Petition. One of the creditors, Capex Engineering Inc., obtained its judgment on January 10, 2013, a month before the Petition Date. Almost no time expired on its rights as a judgment creditor to unwind fraudulent transfers. The other judgment creditors here, David Lee and Barry C.K. Yeung, obtained their judgment on August 17, 2012, mere months before the Petition Date. Very little time had expired against their limitations period as well. Importantly, to enforce the *Adams* rule, there is no requirement that the transfer occur while litigation is pending. *Macedo*, 86 Cal.App.4th at 1051 and n.6. Hence, Plaintiff may use any one of the several condominium purchasers as the triggering creditor and still fall within the ambit of the *Adams* rule. Under the guise of section 544(a)(1) and (2), Plaintiff may likewise use the *Adams* rule without identifying a triggering creditor because they each clothe Plaintiff

Opposition to Motion to Dismiss                    - 6 -

with the trappings of a judgment creditor. *E.g., Adams v. Bell*, 5 Cal.2d 697 (execution returned unsatisfied). Any one of these "creditors" may satisfy Civil Code §§ 3439.04 and 3439.05.[4]

The critical feature of the *Adams* rule is that while the discovery aspect is subjective, the entry of a final judgment is not. Despite any knowledge of a creditor, the three year limitations period could not begin to run until the entry of a final judgment. *Estate of Myers*, 139 Cal.App.4th 434, 440 (Cal. Ct. App. 2006).

The only limitation on the *Adams* rule is contained in Civil Code § 3439.09(c). Section 3439.09(c) requires any action, whether at common law or under the UFTA, to be filed within seven years of the transfer. *Roach v. Lee*, 369 F.Supp.2d 1194, 1199 (C.D. Cal. 2005); *In re JMC Telecom LLC*, 416 B.R. 738, 742-43 (C.D. Cal. 2009); *Donnell v. Keppers*, 835 F.Supp.2d 871, 878 (S.D. Cal. 2011). Section 546(a) provides a two year extension of the seven year statute of limitations provided a bankruptcy case is commenced prior to the expiration of the seven year period. *In re EPD Inv. Co., LLC,* 523 B.R. 680, 686-88 (B.A.P. 9th Cir. 2015). At this stage it is unclear when the transfers that make up the Shortfall occurred, hence it is premature to determine if the transfers are collectively barred by the statute of limitations for purposes of the judgment creditors.

### 3. The Statutory Language For Actual Intent to Delay, Hinder, or Defraud.

Unlike constructive fraud, the UFTA permits an extension of the four year period for transfers involving actual hindrance, delay, or fraud. The Motion nowhere mentions this distinction focusing on four years as an absolute bar. (*See* Motion p.5:4-14.) For transfers involving actual hindrance, delay, or fraud, the statute of limitations is the later of four years from the date of the transfer or one year from the date when the transfer could reasonably have been discovered. Cal. Civ. Code § 3439.09(a). The one year "discovery rule" expansion cannot

---

[4] The Defendants also assert that Plaintiff failed to allege sufficient facts to support the allegations of actual fraud for the claims for relief based on the common law. (Motion, pp. 5:17-28, 6:1-3.) As discussed *supra*, Plaintiff need only discuss sufficient allegations to demonstrate constructive fraud since the common law embraces both constructive and actual fraud. Moreover, the Defendants place too much emphasis on the fraud aspect rather than the intent to hinder or delay. Either may support a viable claim for actual intent and Plaintiff has alleged sufficient facts for both.

Case: 15-05012    Doc# 14    Filed: 04/20/15    Entered: 04/20/15 15:15:15    Page 14 of 21

be extended beyond seven years (Civ. Code § 3439.09(c)), but it is unclear if the seven year statute of repose is applicable at this stage because it is not certain when the transfers comprising the Shortfall occurred. Creditors could not have known about the hindrance, delay, or fraud because the Shortfall was not part of any public record. Moreover, creditors had no right to discover financial information of the Debtor prior to the entry of judgment.[5]

### 4. **The Common Counts, Accounting, and Breach of Fiduciary Duty Claims.**

In general, it is not the label placed on the claim for relief nor the relief demanded that governs the statute of limitations for the claim, but it is rather the nature of the claim that controls the applicable statute of limitations. *Marin Healthcare Dist. v. Sutter Health*, 103 Cal.App.4th 861, 874-75 (Cal. Ct. App. 2003). The Complaint avers that the Debtor defrauded creditors on account of $1 million that disappeared for which the Debtor received nothing in exchange while the Debtor was insolvent and while it was encouraging creditors to not request their deposits back. In these instances, the UFTA is not the only remedy available for assailing such constructively fraudulent transfers. Cal. Civ. Code § 3439.10; *Jhaveri v. Teitelbaum,* 176 Cal.App.4th 740, 755 (Cal. Ct. App. 2009).

When the gravamen of the claim is fraud though the label used is a common count such as unjust enrichment or money had and received, the applicable statute of limitations is governed by Code of Civil Procedure § 338(d). *Day v. Greene*, 59 Cal.2d 404, 411 (Cal. 1963) (unjust enrichment); *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal.App.4th 1105, 1131-32 (Cal. Ct. App. 2014) (unjust enrichment); *FDIC v. Dintino*, 167 Cal.App.4th 333, 347-48 (Cal. Ct. App. 2008) (unjust enrichment); *Creditors Collection Serv. v. Castaldi*, 38 Cal.App.4th 1039, 1042-44 (Cal. Ct. App. 1995) (money had and received). For the same reasons, an alleged breach of fiduciary duty that amounts to fraud or constructive fraud is also governed by Code of Civil Procedure § 338. *William L. Lyon & Assocs., Inc., supra*, 204 Cal.App.4th at 1312-13. The Defendants agree with these points and also concede that the

---

[5] For the reasons stated in II.A.1., 2., and 3., because there are viable claims for relief pursuant to sections 544(a) and (b), the one year statute of limitations for section 550 (11 U.S.C. § 550(f)) has yet to commence. Thus, claim for relief no. 5 is timely.

Case: 15-05012   Doc# 14   Filed: 04/20/15   Entered: 04/20/15 15:15:15   Page 15 of 21

1   accounting claim for relief is controlled by the same statute of limitations. (Motion, pp. 6:13,

2   7:8-13, 27-28.)[6]

3       As with Civil Code § 3439.09(a), the Defendant ignored that section 338(d) of the Code

4   of Civil Procedure contains an extended period beyond the three year statute of limitations

5   based on when the claim could have been discovered. Cal. Code Civ. P. § 338(d) ("The cause

6   of action in that case is not deemed to have accrued until discovery, by the aggrieved party or

7   his or her agent, of the facts constituting the cause of action.")[7] These claims have been used in

8   what are quintessentially avoidance actions. *E.g.*, *Commons v. Schine*, 35 Cal.App.3d 141 (Cal.

9   Ct. App. 1973).

10       Due to its insolvency, the Debtor owed its creditors a fiduciary duty. *Saracco Tank &*

11   *Welding Co. v. Platz*, 65 Cal.App.2d 306, 313-318 (Cal. Ct. App. 1944); *In re Moeller*, 466 B.R.

12   525 (Bankr. S.D. Cal. 2012); *Berg & Berg Enters., LLC v. Boyle*, 178 Cal.App.4th 1020, 1040-

13   1041 (Cal. Ct. App. 2009). As a consequence of the Debtor's insolvency, the Debtor merely

14   held its assets in trust for creditors. At the time, the creditors did not know that they were being

15   defrauded.

16       In the context of a fraud involving the beneficiaries of a trust, it is not the knowledge of

17   the trustee that matters, it is the knowledge of the beneficiaries of the trust—the true injured

18   parties. *Sears v. Rule*, 27 Cal.2d 131, 148 (Cal. 1963). This is true whether the trust is an

19   express trust or a constructive trust. *See Moeller*, *supra*, 466 B.R. at 537 (analogizing corporate

20   trust fund theory to a constructive trust); *Strasberg v. Odyssey Group, Inc.,* 51 Cal.App.4th 906,

21   916-920 (Cal. Ct. App. 1996). The law does not commence the statute of limitations based on

22   the knowledge of the person looting, it commences the period based on the knowledge of the

23   individual preyed upon. *Strasberg,* 51 Cal.App.4th at 916. In this case, those are the creditors,

---

[6] For the common counts, the Defendants cite *First Nationwide Sav. v. Perry*, 11 Cal.App.4th 1657, 1670 (Cal. Ct. App. 1992) which does not discuss Code of Civil Procedure § 338(d) in detail, but does cite to *Shain v. Sresovich*, 104 Cal.402 (1894), which makes clear that the limitations period runs from the date of the discovery of the fraud.

[7] The common count claims are not unbounded. They too are limited by the seven year statute of repose in the UFTA. *Donnell v. Keppers*, 835 F.Supp.2d 871, 879 (S.D. Cal. 2011).

Case: 15-05012   Doc# 14   Filed: 04/20/15   Entered: 04/20/15 15:15:15   Page 16 of 21

1  not the Debtor under the control of its insiders. This is so even if some of those same insiders
2  may also have been creditors of the Debtor. *See Broder v. Conklin*, 121 Cal. 282, 287-88 (Cal.
3  1898) (the knowledge of one creditor is not imputed to another).

4        Creditors would not have known of the Shortfall because there is no public record of it.
5  It is not referred to in any deed of trust or modification to a deed of trust. And the creditors
6  were not privy to the Debtor's finances. Accordingly, it was only when the Shortfall became
7  known, that the transfer(s) came to light. The common count, breach of fiduciary duty, and
8  accounting claims are therefore timely.[8]

9  **B.**    **THE ACCOUNTING CLAIM FOR RELIEF IS NOT BARRED FOR STATING A**
10        **SPECIFIC SUM**

11        In addition to the statute of limitations, the Defendants also attack the accounting claim
12  for relief on the basis that the Complaint seeks the recovery of a fixed sum thus there is no need
13  for an accounting. (Motion, p. 7:14-22.) An accounting claim is improper where the complaint
14  sets forth all the facts necessary for the calculation of the account between the parties. *Faivre v.*
15  *Daley*, 93 Cal. 664, 673 (Cal. 1892); *Horn v. Los Angeles Nut House*, 15 Cal.App.2d 22, 26
16  (Cal. Ct. App. 1936). Other than citing an amount for the Shortfall, the Complaint does not set
17  forth any facts as to how the Shortfall is calculated. At this stage, it is not clear whether the
18  Shortfall is comprised of one or several transfers. Hence, while Plaintiff has an estimate as to
19  the amount of the Shortfall, that does not indisputably prove that it is accurate.

20  **C.**    **THE REQUEST FOR ATTORNEYS' FEES IS PROPER**

21        There are two bases for Plaintiff's request for attorney's fees: (1) Civil Code §
22  3439.07(a)(3)(C); and (2) the implied rights of a judgment creditor seeking to unwind a
23  fraudulent transfer when the judgment provides for the recovery of attorneys' fees. The UFTA

---

24
25  [8] To the extent the Court rules the claims are barred because the trust fund theory would be a *de
     facto* assertion of the rights of individual creditors, the claims may be re-plead pursuant to
26  section 544(b)(1). Cal. Civ. Code § 3439.10; *Jhaveri v. Teitelbaum,* 176 Cal.App.4th 740, 755
     (Cal. Ct. App. 2009) ("Moreover, a suit under the UFTA is the not exclusive remedy by which
27  fraudulent transfers may be attacked."); *Fidelity Nat'l Title Ins. Co. v. Schroeder*, 179
     Cal.App.4th 834, 849-850 (Cal. Ct. 2009) (creditor used resulting trust theory to attack
28  fraudulent transfer); *In re Park S. Sec., LLC*, 326 B.R. 505, 514-515 (Bankr. S.D.N.Y. 2005).

permits the recovery of attorney fees pursuant to section 7(a)(3)(C). *Blood v. Nofzinger*, 834

N.E.2d 358, 372-73 (Ohio Ct. App. 2005) ("If appropriate, the trial court must also determine

whether punitive damages and attorney fees are warranted"). Jurisdictions are split as to

whether section 7(a)(3)(C) authorizes the award of attorney fees. *Palacio Del Mar*

*Homeowners Ass'n, Inc. v. McMahon*, 2008 Cal.App.Unpub. LEXIS 9664 (Cal. Ct. App. Dec.

1, 2008) (unpublished) (fees may not be awarded, but suggesting that fees may be recovered as

compensatory damages); *but see Filip v. Bucurenciu*, 129 Cal.App.4th 825, 894 (Cal. Ct. App.

2005) (discussing compensatory damages are available pursuant to Civil Code §

3439.07(a)(3)(C)). One of the purposes of the UFTA is that it should be interpreted uniformly.

Cal. Civil Code § 3439.11. The jurisdictional split does not further the UFTA's purpose; some

jurisdictions interpreting the same statute cannot be right while others are wrong. Plaintiff

contends that whether it is viewed as a provision permitting a form of compensatory damages or

expressly allowing attorneys' fees, section 7(a)(3)(C) contains a fount of authority for attorney

fee awards. *Filip*, 129 Cal.App.4th at 894.

As another ground for the award of attorneys' fees, Plaintiff is impliedly entitled to

attorney's fees because one of the triggering creditors is entitled to attorneys' fees if the transfer

is set aside. *Cardinale v. Miller*, 222 Cal.App.4th 1020, 1025-26 (Cal. Ct. App. 2014);

*Conservatorship of the Estate of McQueen*, 59 Cal.4th 602, 612-16 (Cal. 2014). This ability is

subsumed within one of the rights of a triggering creditor whose rights Plaintiff seeks to assert

pursuant to section 544(b)(1). One of the triggering judgment creditors obtained an award of

attorney's fees as part of its judgment. (Compl., Ex. 4.) As Plaintiff seeks to vindicate the

judgment, it is irrelevant whether the Defendant was a judgment debtor to the judgment.

*Cardinale*, 222 Cal.App. at 1025-26. Because the judgment creditor is entitled to an award of

attorneys' fees in unwinding a fraudulent transfer so too Plaintiff is entitled to the same award.

11 U.S.C. § 544(b)(1); *In re Agricultural Research and Technology Group, Inc.*, 916 F.2d 528,

541 (9th Cir. 1987) (awarding prejudgment interest under state law pursuant to section 544(b));

*In re Richmond Produce Co., Inc.,* 195 B.R. 455, 465 (N.D. Cal. 1996). However

1  counterintuitive the result may seem, it is the law that fees may be awarded because the

2  judgment included an award of attorneys' fees.

3  **D.    THE ALLEGATIONS ARE SUFFICIENT**

4      **1.    The Constructive Fraud Claims.**

5      "Rule 9(b)'s heightened pleading standards are not generally applied to claims of

6  avoidance and recovery of constructively fraudulent transfers, as they do not require proof of

7  fraud." *In re ThinkFilm, LLC,* 510 B.R. 266, 274 (C.D. Cal. 2014).  The cornerstone of a claim

8  for a constructively fraudulent transfer is whether the debtor received reasonably equivalent

9  value.  11 U.S.C. § 548(a)(1)(B)(i); Cal. Civ. Code §§ 3439.04(a)(2) and 3439.05.  Plaintiff

10  adequately plead that element because he alleges that the funds representing the Shortfall were

11  dissipated and the Debtor received nothing in exchange.  (Compl. ¶ 19.)

12      Plaintiff also alleges that the Debtor was insolvent and creditors whose claims have been

13  in existence since 2004 remain unpaid.  (Compl. ¶¶ 20, 24; *see, generally,* Claims Registry,

14  Claim Nos. 7 – 20 and 22).[9]  These claims total nearly $7 million.  Importantly, for many of the

15  contracts that give rise to the creditors' claims, the Debtor had to either deliver a completed

16  commercial condominium or return the buyer's deposit by December 31, 2006.  (*See, e.g.,*

17  Claims Registry, Claim No. 16, Section 1.2.2(ii).)  Between December 2006 and November

18  2008, when the transfer(s) could have occurred, the Debtor could not instantaneously convert

19  partially developed land into commercial condominiums ready to be occupied.  Nor has the

20  Debtor been able to satisfy the claims of these same creditors for years.  The Debtor's inability

21  to pay its debts as they matured creates a presumption of insolvency.  Cal. Civ. Code §

22  3439.02(c).

23      The failure to provide for overdue debts while transferring assets is also one origin of

24  the unreasonably small capital form of constructive fraud.  *Bohn v. Weeks,* 500 Ill.App. 236,

25  239-240 (Ill Ct. App. 1893); Markell, *Toward True and Plain Dealing: A Theory of Fraudulent*

26  *Transfers Involving Unreasonably Small Capital,* 21 IND. L. REV. 469, 477 n.52 (1988).

27  _____

28  [9] The Court may take judicial notice of the proofs of claim.  *Lodgepole Invs., LLC v. Barsky,*
   2015 U.S. Dist. LEXIS 36204 at *8-*9 (N.D. Cal. Mar. 23, 2015).

Case: 15-05012    Doc# 14    Filed: 04/20/15    Entered: 04/20/15 15:15:15    Page 19 of 21

"Because an inability to generate enough cash flow to sustain operations must precede an inability to pay obligations as they become due, unreasonably small capital would seem to encompass financial difficulties short of equitable insolvency." *Moody v. Sec. Pac. Business Credit, Inc.*, 971 F.2d 1056, 1070 (3d Cir. 1992). Hence, by establishing that the Debtor was not paying its debts as they came due, Plaintiff sets forth a prima facie case for the Debtor having unreasonably small capital at the time of the transfer(s). Accordingly, the elements for all of the constructive fraud claims are satisfied with sufficient allegations.

### 2. **Actual Fraud Claims**.

For claims attacking transfers as actually intended to defraud creditors, the plaintiff "must plead 'the who, what, when, where, and how' of the alleged fraud." *In re ThinkFilm, LLC,* 510 B.R. 266, 273 (C.D. Cal. 2014). The purpose is to provide the defendant with notice of the alleged misdeed so that it can properly defend itself. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Plaintiff provided as much detail as it has. The who: the Debtor and the Debtor's insiders. The what: $1,319,374. The when: on or before November 2008. The "how" remains unknown. Plaintiff also discussed badges of fraud present. First, the transfer involved insiders. Second, the transfer was not disclosed. Third, no value was received by the Debtor. Fourth, the Debtor was insolvent or became insolvent as demonstrated by the presumption of insolvency. Cal. Civ. Code § 3439.02(b)(1), (3), (8), and (9). The presence of just one badge of fraud is suspicious, but the existence of several creates a prima facie case for fraud. *Wiand v. Lee*, 753 F.3d 1194, 1200 (11th Cir. 2014).

Alternatively, if the Court rules that sufficient information has not been plead, Plaintiff should be given an opportunity to amend the Complaint. Leave to amend is freely given when justice requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts typically permit amendment to correct defects. *La Porte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1256 (5th Cir. 1986).[10]

---

[10] A proposed Amended Complaint is being concurrently filed as Exhibit A in support of this Opposition.

Case: 15-05012    Doc# 14    Filed: 04/20/15    Entered: 04/20/15 15:15:15    Page 20 of 21

III.    **CONCLUSION**

For the foregoing reasons, Plaintiff requests that the Motion be denied as to all claims other than claim for relief number 8.

                              Respectfully submitted,

Dated:  April 20, 2015        LANG, RICHERT & PATCH, P.C.

                              By: _____ for
                                  Michael J. Gomez
                                  Counsel for Plaintiff
                                  Mohamed Poonja, Chapter 7 Trustee

Opposition to Motion to Dismiss            - 14 -