René Lastreto II, #100993
rl2@lrplaw.net
Michael J. Gomez, #251571
mjg@lrplaw.net
Lang, Richert & Patch
Post Office Box 40012
Fresno, California 93755-0012
(559) 228-6700 Phone
(559) 228-6727 Fax
M:\35062\Pleadings\Poonja v. Tang\Amended Complaint.wpd:dc

Special Counsel for Plaintiff
Mohamed Poonja, Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>**TWN INVESTMENT GROUP, LLC,**<br><br>Debtor.<br><br>**MOHAMED POONJA,** Chapter 7 Trustee,<br><br>Plaintiff<br>v.<br><br>**LAP TANG,** an individual; **HA VINH LY,** an individual; **IMPERIAL INVESTMENT & DEVELOPMENT, INC.,** a California corporation; **JOSEPH NGUYEN,** an individual; and **TUYET LE,** an individual,<br><br>Defendants. | Case No. 13-50821 SLJ<br><br>Chapter 7<br><br>Adv. Pro. No. 15-05012 SLJ<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>(1) AVOIDANCE OF FRAUDULENT TRANSFERS;<br>(2) RECOVERY OF AVOIDED TRANSFERS;<br>(3) UNJUST ENRICHMENT;<br>(4) MONEY HAD AND RECEIVED;<br>(5) ACCOUNTING;<br>(6) BREACH OF FIDUCIARY DUTY; and<br>(7) ATTORNEYS' FEES AND COSTS |

Plaintiff alleges and complains against the Defendants, and each one of them, as follows:

## THE PARTIES

1. Mohamed Poonja ("Plaintiff") is the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of TWN Investment Group, LLC (the "Debtor").

///

Amended Complaint                     -1-

2. Plaintiff is informed and believes, and on that basis alleges, that Defendant Lap Tang ("Tang") is an individual residing, at all relevant times, in Santa Clara County, California.

3. Plaintiff is informed and believes, and on that basis alleges, that Defendant Ha Vinh Ly ("Ly") is an individual residing, at all relevant times, in Santa Clara County, California.

4. Plaintiff is informed and believes, and on that basis alleges, Imperial Investment & Development, Inc. ("Imperial"), is a California corporation with its principal place of business in Santa Clara County, California.

5. Plaintiff is informed and believes, and on that basis alleges, that Defendant Joseph Nguyen ("Nguyen") is an individual residing, at all relevant times, in Santa Clara County, California.

6. Plaintiff is informed and believes, and on that basis alleges, that Defendant Tuyet Le ("Le") is an individual residing, at all relevant times, in Santa Clara County, California.

7. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times each of the Defendants named in the caption of this Complaint was and is the agent, servant, and/or employee of each of the other Defendants, and that all of the things alleged to have been done by each Defendant were done in the capacity of and as agent of the other Defendants.

8. Plaintiff is informed and believes, and on that basis alleges, that there exists and at all relevant times mentioned here existed, a unity of interest and ownership between the Defendant Imperial, on the one hand, and Defendants Nguyen and Defendant Le, on the other hand, such that any individuality and separateness between Imperial, on the one hand, and Nguyen and Le, on the other hand, has ceased, and Nguyen and Le are the alter egos of Imperial and adherence to the fiction of the separate existence of Imperial as an entity separate and distinct from Nguyen and Le would sanction fraud and promote injustice.

## JURISDICTION AND VENUE

9. The United States District Court for the Northern District of California has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334, in that this is a civil proceeding arising under title 11 and related to a case under title 11. This Court has jurisdiction of this adversary proceeding by reference from the United States District Court for the Northern

District of California pursuant to 28 U.S.C. § 157(a) and (b).

10. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H), and (O). Plaintiff consents to the jurisdiction of the United States Bankruptcy Court for the Northern District of California to enter a final judgment in this adversary proceeding.

11. This adversary proceeding relates to bankruptcy case number 13-50821, In re TWN Investment Group, LLC, which is currently pending in the United States Bankruptcy Court for the Northern District of California, San Jose Division (the "Court").

12. This district is the proper venue because this adversary proceeding is related to the above-numbered case pursuant to 28 U.S.C. § 1409(a).

## GENERAL ALLEGATIONS

13. Each claim for relief in this Complaint is pled in the alternative, unless stated otherwise.

## I. PROCEDURAL HISTORY

14. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 13, 2013 (the "Petition Date"). The Court converted the Debtor's case from Chapter 11 to Chapter 7 on December 9, 2013.

15. Following the Petition Date, creditors filed general, unsecured claims in excess of $1,000,000. No objection is presently pending to any of those claims.

## II. FACTUAL PREDICATE

16. Plaintiff is informed and believes, and on that basis alleges, that Tang, Ly, Le, Imperial, and Alan Wong were each members and managers of the Debtor, and that Nguyen was a non-member, manager of the Debtor at all relevant times.

17. In early 2005, the Debtor acquired the real property commonly known as 915 Story Road, San Jose, California (the "Real Property"). Plaintiff is informed and believes, and on that basis alleges, that the Debtor financed its acquisition of the Real Property, in part, using approximately $8 to $9 million in deposits that it received from parties seeking to purchase commercial condominiums that were to be developed at the Real Property by the Debtor and acquisition financing from its lender, United Commercial Bank ("UCB"). Plaintiff's information

and beliefs are based on the closing statement for the acquisition of the Real Property, a copy of which is attached as **Exhibit 1** and is incorporated by reference.

18. Plaintiff is informed and believes, and on that basis alleges, that after its acquisition of the Real Property, the Debtor obtained additional deposits from other parties seeking to purchase commercial condominiums to be developed at the Real Property.

19. Plaintiff is informed and believes, and on that basis alleges, that the Debtor and each of its then managers admitted to its lender, UCB, at Section XI.A.3 of a Promissory Note dated November 21, 2008 (the "Note"), that the Debtor could not show that $1,319,374 of purchasers' deposits had been used for the Real Property (the "Shortfall"). A true and correct copy of the Promissory Note is attached as **Exhibit 2** and is incorporated by reference.

20. Plaintiff is informed and believes, and on that basis alleges, that the Debtor incurred the Shortfall because the members dissipated the deposits representing the Shortfall for their own uses.

21. Plaintiff is informed and believes, and on that basis alleges, that as a result of the condominium purchase agreements, the Debtor owed debts to various creditors as early as October 8, 2004 whose debts were unsatisfied as of the Petition Date, and which continue to remain unsatisfied. Plaintiff is informed and believes, and on that basis alleges, that the Debtor's outstanding debts to condominium purchasers totaled approximately $7 million as of the Petition Date. Plaintiff's information and beliefs are based on Proof of Claim Nos. 7 - 20 and 22 filed in Bankr. Case No. 13-50821. An example of one of the purchase contracts is attached as part of **Exhibit 3**, which is a true and correct copy of Claim No. 16, on file on the Claims Register in Bankr. Case No. 13-50821, which is incorporated by reference. These contracts state the Debtor was required to deliver completed commercial condominiums or repay the deposits by December 31, 2006.[1]

22. Plaintiff is informed and believes, and on that basis alleges, that two such creditors to whom the Debtor owed debts as early as 2004, David Lee and C.K. Yeung, obtained a judgment

---

[1] To the extent further evidence is necessary to bolster Plaintiff's information and belief, Plaintiff incorporates by reference Proof of Claim Nos. 7 - 15, 17 - 20, and 22, as well.

against the Debtor on August 17, 2012, from the Superior Court of California for the County of Santa Clara in Case No. 1:10-cv-189727, which judgment remained unsatisfied as of the Petition Date. True and correct copies of the Complaint of David Lee and C.K. Yeung and their judgment are attached as **Exhibits 4** and **5**, respectively, and are incorporated by reference.

23. Plaintiff is informed and believes, and on that basis alleges, that the Debtor began developing the Real Property after acquiring it in 2005. Plaintiff is informed and believes, and on that basis alleges, that the project became beleaguered due to, among other things, cost overruns and that contractors commenced litigation as early as December 6, 2007, against the Debtor to enforce their mechanic's liens. Plaintiff's information and beliefs are based on Case Nos. 1-08-cv-104684, 1-08-cv-103642, 1-08-cv-106799, 1-08-cv-107671, 1-08-cv-104251, 1-08-cv-104957, 1-08-cv-107007, 1-08-cv-104255, and 1-07-cv-100462 formerly pending before the Superior Court of California for the County of Santa Clara.

24. Plaintiff is informed and believes, and on that basis alleges, that on or about the time that the Debtor was beset by a round of mechanic's lien litigation, depositors began demanding refunds of their deposits. Plaintiff's information and beliefs are based on UCB's Credit Commitment Report dated March 25, 2008 (at internal pages EWB012147 and 12153), and UCB's internal memorandum dated July 1, 2008, copies of which are attached as **Exhibits 6**[2] and **7**, and which are incorporated by reference.

25. Plaintiff is informed and believes, and on that basis alleges, that as of May 29, 2008, the Debtor had collected over $23 million in deposits from prospective condominium purchasers, refunded over $3 million of deposits, and still owed purchasers nearly $20 million of deposits, and the deposits remaining on hand had dwindled to less than $70,000. Plaintiff's information and beliefs are based on **Exhibit 7**, referenced *supra*, and UCB's internal memorandum dated September 12, 2008, a copy of which is attached as **Exhibit 8** and is incorporated by reference.

26. Plaintiff is informed and believes, and on that basis alleges, that because of the demands of a potential loan participant in its construction financing for the Debtor, UCB decided to make a $4 million line of credit available to Ly and Tang for the purpose of repaying depositor

---

[2] Internal page EWB012144 was removed as it appears to be an unrelated e-mail.

refunds. Plaintiff's information and beliefs are based on UCB's Credit Commitment Report dated June 23, 2008 (at internal page EWB012113), a copy of which is attached as **Exhibit 9** and the Promissory Note for the $4 million line of credit attached as **Exhibit 10**, which are incorporated by reference.

27. Plaintiff is informed and believes, and on that basis alleges, that Tang, Ly, Le, Imperial, and Nguyen knew or should have known that the Debtor had no ability to repay refunds to all depositors because depositors were owed nearly $20 million and UCB had only made a $4 million line of credit available to Ly and Tang for the purpose of repaying depositor refunds.

28. Plaintiff is further informed and believes, and on that basis alleges, that Tang, Ly, Le, Imperial, and Nguyen knew or should have known the Debtor had defaulted on the condominium purchase agreements by not delivering title for completed condominiums to the purchasers by December 31, 2006, because they had access to the contracts and reviewed them.

29. Plaintiff is informed and believes, and on that basis alleges, that UCB prohibited the Debtor from paying refunds of deposits to condominium purchasers that had been received prior to January 1, 2008, as demonstrated by Section XI.E of the Note (**Exhibit 2**) and Section 7.E. of internal Exhibit F of the Debtor's Construction Loan Agreement for the construction financing with UCB which is attached as **Exhibit 11**.

30. Plaintiff is informed and believes, and on that basis alleges, that UCB asserts the Debtor defaulted on its financing obligations as early as October 2009 for both the acquisition financing and the construction financing due to cross-default provisions in the loan documents for the two loans. Plaintiff's information and beliefs are based on paragraphs 58 and 61 of a Complaint filed against the Debtor by East West Bank, a successor to UCB, attached as **Exhibit 12** and which is incorporated by reference,[3] and the allegations contained in paragraph 32.

31. Plaintiff is informed and believes, and on that basis alleges, that the Debtor actually defaulted on both of its financing obligations to UCB as early as March 2009. Plaintiff's information and beliefs are based on Section XI.B.1 of **Exhibit 2** and Section 7.B.1 of internal Exhibit F of **Exhibit 11**, and Proof of Claim Nos. 7 - 20 and 22 filed in Bankr. Case No. 13-50821.

---

[3]The Complaint is attached without internal exhibits.

32. Plaintiff is informed and believes, and on that basis alleges, that by November 2009, the Debtor's development was once again beset by a second wave of mechanic's lien litigation. Plaintiff's information and beliefs are based on paragraph 62 of Exhibit 12 and the cases, mechanic's liens, bonded stop notices, and lis pendens discussed in that paragraph, which can be verified by reference to the records of the Superior Court of California for the County of Santa Clara and the County Recorder's Office for the County of Santa Clara.

33. Plaintiff is informed and believes, and on that basis alleges, that by April 2009, the Debtor did not have any funds to pay refunds of deposits to condominium purchasers and the Debtor, Tang, Ly, Le, Imperial, and Nguyen knew or should have known that would occur as a natural consequence of the allegations in paragraphs 26 and 27. Plaintiff's information and beliefs are based on UCB's April 27, 2009, Credit Commitment Report (at internal p. EWB012164-66), a copy of which is attached as **Exhibit 13** and is incorporated by reference.[4]

34. Plaintiff is informed and believes, and on that basis alleges, that the Debtor's equitable insolvency is demonstrated by the near $20 million of deposits it owed as of May 29, 2008, the remaining deposits it had on hand of $70,000 as of May 29, 2008, and the loan covenants imposed by UCB for the construction financing that the Debtor could not use future deposits to repay prior deposits, notwithstanding the $4 million line of credit UCB made available to Tang and Ly. Plaintiff is informed and believes, and on that basis alleges, that the Debtor's equitable insolvency is further demonstrated by UCB's pyramid scheme to use the fresh deposits of new purchasers to pay down the almost fully exhausted $4 million line of credit it extended to Tang and Ly in order to pay down the amount owed on the line of credit in order to use the new availability to pay old deposits, which is discussed in UCB's April 27, 2009, Credit Commitment Report, attached as Exhibit 13.

35. Plaintiff is further informed and believes, and on that basis alleges, that the Debtor's balance sheet insolvency is demonstrated by the near $20 million of deposits owed by the Debtor as of May 29, 2008, the $18.86 million of debt the Debtor owed to UCB on account of the acquisition financing, the construction costs the Debtor owed to contractors, the debt the Debtor

---

[4] In lieu of redaction, internal page EWB012163 was excluded from the exhibit.

owed to UCB on account of its construction financing, and the $38,400,000 valuation adopted by UCB effective as February 12, 2009, in its April 27, 2009, Credit Commitment Report, attached as Exhibit 13, at internal page EWB012169.

36. Plaintiff is informed and believes, and on that basis alleges, another creditor to whom the Debtor owed a debt as early as January 2011, Capex Engineering, Inc., obtained a judgment against the Debtor on January 10, 2013, from the Superior Court of California for the County of Santa Clara in Case No. 1:12-cv-219021, which judgment the Debtor never satisfied. A true and correct copy of the Proof of Claim filed by Capex Engineering, Inc., which includes a copy of the judgment obtained by Capex Engineering, Inc., is attached as **Exhibit 14** and is incorporated by reference.

37. Plaintiff is informed and believes, and on that basis alleges, that as of the Petition Date, the Debtor owed various debts to the Internal Revenue Service and the Franchise Tax Board, which debts were not satisfied as of the Petition Date. True and correct copies of the Proofs of Claim filed by the Internal Revenue Service and the Franchise Tax Board are attached as **Exhibits 15** and **16**, respectively, and are incorporated by reference.

38. Plaintiff is informed and believes, and on that basis alleges, that as a result of the allegations discussed above, the Debtor was insolvent either because it was unable to pay its debts as they matured or because its debts exceeded the value of its assets as early as January 2006.

39. Plaintiff is informed and believes, and on that basis alleges, that the Debtor concealed the Shortfall since creditors did not learn of the Shortfall and because the Shortfall was not made public as part of any document recorded with the County of Santa Clara or as part of a filing in a lawsuit in which the Debtor was involved.

40. Plaintiff is informed and believes, and on that basis alleges, that creditors like the condominium purchasers such as the creditors discussed in paragraphs 21 and 22, as well as the creditor discussed in paragraph 36, had no actual knowledge of the Shortfall until Plaintiff commenced this action. The Official Committee of Unsecured Creditors for TWN Investment Group, LLC discovered the Shortfall on or about July 2013 and Plaintiff was provided the information shortly after his appointment. Plaintiff discovered the Shortfall after reviewing Exhibit

2 and associated, non-public documents provided by East West Bank to the Committee. Plaintiff is informed and believes, and on that basis alleges, that because the Shortfall was not part of any public record and because creditors like the condominium purchasers such as the creditors discussed in paragraphs 21 and 22, as well as the creditor discussed in paragraph 36, had no actual access or legal or contractual right to have access to the Debtor's financial statements, bank records, or escrow records, they could not have known, discovered, suspected, or conceived of the facts behind the Shortfall. Plaintiff's information and beliefs are based on interviews with some of the creditors or their representatives. Plaintiff is further informed and believes, and on that basis alleges, that some of the creditors that are condominium purchasers requested refunds while others did not, and that those that requested refunds were purposefully told by the Debtor or it agents to change their minds because they were repeatedly assured construction would continue and that they would receive their condominiums all while the Debtor or it agents knew the Debtor did not have sufficient funds on hand to pay the refunds requested, which information and beliefs are based on interviews with some of the creditors or their representatives. Plaintiff is further informed and believes, and on that basis alleges, that an investigation by the creditors discussed in paragraphs 21, 22, and 36 would not have revealed the facts behind the Shortfall or facts which would given them reason to suspect the Shortfall occurred because the information available to them would not have disclosed the transfer(s) or any facts from which the Shortfall could be suspected, as well as because the creditor discussed in paragraph 36 did not become a creditor of the Debtor until years after the Shortfall. In particular, the creditor discussed in paragraph 36 could not have begun to attempt to discover the Shortfall by seeking the Debtor's financial records until after it obtained a judgment, which it obtained shortly before the Debtor filed for bankruptcy.

41. Plaintiff is informed and believes, and on that basis alleges, that as a result of the allegations discussed above, the Debtor was insolvent either because it was unable to pay its debts as they matured or because its debts exceeded the value of its assets as early as January 2006.

///

///

///

## FIRST CLAIM FOR RELIEF

**(Avoidance of Constructively Fraudulent Transfers Against All Defendants**

**[11 U.S.C. §§ 544(a)(1), (2), (b), and Cal. Civ. Code § 3439.05])**

42. Plaintiff's allegations set forth in paragraphs 1 - 41 are hereby incorporated by reference into this claim for relief, as against each defendant.

43. Plaintiff is informed and believes, and on that basis alleges, that at the time of the the transfers giving rise to the Shortfall, the Debtor owed debts to various creditors whose debts remain unsatisfied.

44. Plaintiff is informed and believes, and on that basis alleges, that the Debtor did not receive reasonably equivalent value in exchange for incurring the Shortfall.

45. Plaintiff is informed and believes, and on that basis alleges, that the Debtor was insolvent at the time of the incurrence of the Shortfall.

46. WHEREFORE, Plaintiff prays for judgment as set forth below.

## SECOND CLAIM FOR RELIEF

**(Avoidance of Actual Fraudulent Transfers Against All Defendants**

**[11 U.S.C. §§ 544(a)(1), (2), (b), 28 U.S.C. §§ 3304(b)(1)(A), and Cal. Civ. Code § 3439.04(a)(1)])**

47. Plaintiff's allegations set forth in paragraphs 1 - 41 are hereby incorporated by reference into this claim for relief, as against each defendant.

48. Plaintiff is informed and believes, and on that basis alleges, that the Debtor, under the control of the Defendants, transferred funds representing the Shortfall with actual intent to hinder, delay, and defraud the Debtor's creditors.

49. Plaintiff is informed and believes, and on that basis alleges, that the Debtor's intent is demonstrated by the Debtor's insolvency, the mechanic lien litigation at or about the time of the Shortfall, the Debtor's inability to pay creditors, the Defendants' inability to explain what happened to the funds representing the Shortfall, the litigation against the Debtor at the time of the incurrence of the Shortfall, the Defendants absconding with the funds representing the Shortfall, the Debtor's

preferential treatment for its insiders over creditors, and that the Debtor received no reasonably equivalent value for the incurrence of the Shortfall.

50. WHEREFORE, Plaintiff prays for judgment as set forth below.

### THIRD CLAIM FOR RELIEF

(Avoidance of Constructively Fraudulent Transfers Against All Defendants

[11 U.S.C. §§ 544(a)(1), (2), (b), 28 U.S.C. §§ 3304(b)(1)(B), and Cal. Civ. Code § 3439.04(a)(2)])

51 Plaintiff's allegations set forth in paragraphs 1 - 41 are hereby incorporated by reference into this claim for relief, as against each defendant.

52. Plaintiff is informed and believes, and on that basis alleges, that the Debtor did not receive reasonably equivalent value in exchange for the incurrence of the Shortfall.

53. Plaintiff is informed and believes, and on that basis alleges, that the Debtor was in business or about to start a business or enter a transaction when its remaining assets were unreasonably small for the business or transaction as suggested by the Debtor's inability to pay the creditors that made deposits with the Debtor.

54. Plaintiff is informed and believes, and on that basis alleges, that the Debtor believed or reasonably should have believed that it would incur debts beyond its ability to pay as they came due because of its inability to pay the creditors that made deposits with the Debtor.

55.. WHEREFORE, Plaintiff prays for judgment as set forth below.

### FOURTH CLAIM FOR RELIEF

(Avoidance of Fraudulent Transfers Against All Defendants

[11 U.S.C. §§ 544(a)(1), (2), (b) and California Common Law Fraudulent Transfer])

56. Plaintiff's allegations set forth in paragraphs 1 - 41 are hereby incorporated by reference into this claim for relief, as against each defendant.

57. Plaintiff is informed and believes, and on that basis alleges, that at the time of the the transfers giving rise to the Shortfall, the Debtor owed debts to various creditors whose debts

Amended Complaint -11-
Case: 15-05012    Doc# 18    Filed: 05/22/15    Entered: 05/22/15 13:29:29    Page 11 of 17

1 | remain unsatisfied.

58. Plaintiff is informed and believes, and on that basis alleges, that the Debtor did not receive reasonably equivalent value in exchange for incurring the Shortfall.

59. Plaintiff is informed and believes, and on that basis alleges, that the Debtor, under the control of the Defendants, transferred funds representing the Shortfall with actual intent to hinder, delay, and defraud the Debtor's creditors.

60. Plaintiff is informed and believes, and on that basis alleges, that the Debtor's intent is demonstrated by the Debtor's insolvency, the mechanic lien litigation at or about the time of the Shortfall, the Debtor's inability to pay creditors, the Defendants' inability to explain what happened to the funds representing the Shortfall, the Defendants absconding with the funds representing the Shortfall, the Debtor's preferential treatment for its insiders over creditors, and that the Debtor received no reasonably equivalent value for the incurrence of the Shortfall.

61. Plaintiff is informed and believes, and on that basis alleges, that the Debtor was insolvent at the time of the incurrence of the Shortfall.

62. Plaintiff is informed and believes, and on that basis alleges, that the Debtor was in business or about to start a business or enter a transaction when its remaining assets were unreasonably small for the business or transaction as suggested by the Debtor's inability to pay the creditors that made deposits with the Debtor.

63. Plaintiff is informed and believes, and on that basis alleges, that the Debtor believed or reasonably should have believed that it would incur debts beyond its ability to pay as they came due because of its inability to pay the creditors that made deposits with the Debtor.

64. WHEREFORE, Plaintiff prays for judgment as set forth below.

### FIFTH CLAIM FOR RELIEF

**(Unjust Enrichment Against All Defendants [11 U.S.C. §§ 541, 544(b)])**

65. Plaintiff's allegations set forth in paragraphs 1 - 41 are hereby incorporated by reference into this claim for relief, as against each defendant.

///

66. As discussed above, Plaintiff is informed and believes, and on that basis alleges, that the Debtor paid the Defendants the amount of the Shortfall.

67. Plaintiff is informed and believes, and on that basis alleges, that the Debtor did not receive any equivalent value in exchange for incurring the Shortfall.

68. Plaintiff is informed and believes, and on that basis alleges, that the Defendants have been unjustly enriched in the amount of the Shortfall.

69. WHEREFORE, Plaintiff prays for judgment as set forth below.

## SIXTH CLAIM FOR RELIEF

**(Money Had and Received Against All Defendants [11 U.S.C. §§ 541, 544(b)])**

70. Plaintiff's allegations set forth in paragraphs 1 - 41 are hereby incorporated by reference into this claim for relief, as against each defendant.

71. As discussed above, Plaintiff is informed and believes, and on that basis alleges, that the Debtor gave the Defendants the amount of the Shortfall and that the Debtor did not receive any equivalent value in exchange for incurring the Shortfall, obligating the Defendants to pay the Debtor the Shortfall.

72. Plaintiff is informed and believes, and on that basis alleges, that the Defendants have not paid back any amount of the Shortfall.

73. WHEREFORE, Plaintiff prays for judgment as set forth below.

## SEVENTH CLAIM FOR RELIEF

**(Accounting Against Tang, Ly, Le, and Nguyen [11 U.S.C. § 541])**

74. Plaintiff's allegations set forth in paragraphs 1 - 41 are hereby incorporated by reference into this claim for relief, as against Defendants Tang, Ly, Le, and Nguyen.

75. Plaintiff is informed and believes, and on that basis alleges, that Defendants Tang, Ly, Le, and Nguyen owed the Debtor and the Debtor's creditors fiduciary duties due to the insolvency of the Debtor at the time of the incurrence of the Shortfall.

///

76. Plaintiff is informed and believes, and on that basis alleges, that Defendants Tang, Ly, Le, and Nguyen caused the Debtor to incur the Shortfall in order to defraud the Debtor's creditors and dissipated the funds representing the Shortfall.

77. Plaintiff is unable to determine the portions of the Shortfall distributed to Defendants Tang, Ly, Le, and Imperial, without an accounting from Defendants Tang, Ly, Le, and Nguyen during their respective terms as managers of the Debtor.

78. Plaintiff is informed and believes, and on that basis alleges, that Defendants Tang, Ly, Le, and Nguyen fraudulently and in bad faith mishandled the assets of the Debtor by incurring the Shortfall.

79. The specific amount of money from the Shortfall due from Defendants Tang, Ly, Le, and Nguyen to the Debtor is unknown to Plaintiff and cannot be ascertained without an accounting of the Debtor's records and finances, covering the time period from the inception of the Debtor's existence through December 2008.

80. WHEREFORE, Plaintiff prays for judgment as set forth below.

### EIGHTH CLAIM FOR RELIEF

**(Breach of Fiduciary Duty Against Tang, Ly, Le, and Nguyen [11 U.S.C. § 541])**

81. Plaintiff's allegations set forth in paragraphs 1 - 41 as against Defendants Tang, Ly, Le, and Nguyen.

82. Plaintiff is informed and believes, and on that basis alleges, that Defendants Tang, Ly, Le, and Nguyen owed the Debtor and the Debtor's creditors fiduciary duties due to the insolvency of the Debtor at the time of the incurrence of the Shortfall.

83. Plaintiff is informed and believes, and on that basis alleges, that Defendants Tang, Ly, Le, and Nguyen owed the Debtor and its creditors a duty to exercise good faith and manage the business of the Debtor with the care of prudent businessmen.

84. Plaintiff is informed and believes, and on that basis alleges, that Defendants Tang, Ly, Le, and Nguyen also owed a duty of loyalty to act in the best interests of the Debtor and its creditors, and not engage in self dealing.

85. Plaintiff is informed and believes, and on that basis alleges, that Defendants Tang, Ly, Le, and Nguyen breached their fiduciary duty to the Debtor and its creditors by seeking to obtain and receiving the funds representing the Shortfall as an advantage to themselves to the detriment of the Debtor's creditors, and through their concealment of the Shortfall.

86. WHEREFORE, Plaintiff prays for judgment as set forth below.

### NINTH CLAIM FOR RELIEF

**(Attorneys' Fees and Costs Against All Defendants [Fed. R. Bankr. P. 7008(b)])**

87. Plaintiff's allegations set forth in paragraphs 1 - 41 are hereby incorporated by reference into this claim for relief, as against each defendant.

88. Plaintiff is informed and believes, and on that basis alleges, that pursuant to Cal. Civil Code 3439.07(a)(3)(C), 28 U.S.C. § 3306(a)(3), and the rights of Capex Engineering, Inc., Plaintiff is entitled to attorneys' fees and costs to the extent he prevails on Claims for Relief Nos. 1 - 4.

89. WHEREFORE, Plaintiff prays for judgment as set forth below.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

**On the First through Fourth Claims for Relief Against All Defendants:**

1. For judgment that the transfers of the subject $1,319,374 be deemed void.
2. For judgment against the Defendants in the amount of $1,319,374, plus prejudgment interest, pursuant to 11 U.S.C. § 550(a) and applicable law.
3. For an order directing the Defendants to immediately pay $1,319,374, plus prejudgment interest.

**On the Fifth Claim for Relief Against All Defendants:**

1. For judgment against the Defendants in the amount of $1,319,374, plus prejudgment interest.

///

Amended Complaint -15-
Case: 15-05012   Doc# 18   Filed: 05/22/15   Entered: 05/22/15 13:29:29   Page 15 of 17

2. For an order directing the Defendants to immediately pay $1,319,374, plus prejudgment interest.

3. For an order declaring the Defendants to be holding $1,319,374 plus prejudgment interest in constructive trust for the Plaintiff.

**On the Sixth Claims for Relief Against All Defendants:**

1. For judgment against the Defendants in the amount of $1,319,374, plus prejudgment interest.

2. For an order directing the Defendants to immediately pay $1,319,374, plus prejudgment interest.

**On the Seventh Claim for Relief Against Defendants Tang, Ly, Le, and Nguyen:**

1. For a full and complete accounting between the Debtor and the Defendants.

2. For judgment against the Defendants in the amount due from each Defendant as a result of the account, plus prejudgment interest, but no less than $1,319,374 in total from all the Defendants.

3. For an order directing the Defendants to immediately pay the amount due from Defendants as a result of the account, plus prejudgment interest.

**On the Eighth Claim for Relief Against Defendants Tang, Ly, Le, and Nguyen:**

1. For judgment in the amount of damages against Defendants in an amount according to proof, but no less than $1,319,374.

2. For an order directing the Defendants to immediately pay the amount of damages.

3. For an order declaring the Defendants to be holding $1,319,374 plus prejudgment interest in constructive trust for the Plaintiff.

**On the Ninth Claim for Relief Against All Defendants:**

1. For attorneys' fees and costs in an amount according to proof, but no less than $50,000.

///

///

///

Amended Complaint -16-
Case: 15-05012    Doc# 18    Filed: 05/22/15    Entered: 05/22/15 13:29:29    Page 16 of 17

**On All Claims for Relief as Against All Defendants:**

1. For costs of suit incurred in this action.
2. For such other relief as the Court deems just and proper.

DATED: May 22, 2015

LANG, RICHERT & PATCH, P.C.

By: _____
Michael J. Gomez,
Special Counsel to Plaintiff
Mohamed Poonja, Chapter 7 Trustee

Amended Complaint -17-